******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# CHESWOLD (TL), LLC, BMO HARRIS BANK, N.A. *v.* MATTHEW J. KWONG ET AL.
## (AC 42221)

Alvord, Devlin and Pellegrino, Js.

*Syllabus*

The plaintiff, C Co., sought to foreclose municipal tax liens on certain real property owned by the defendant K. Following K's failure to pay his property taxes for a number of years, the town of Newtown imposed liens on the subject property and recorded them on the town land records. Thereafter, the tax liens were assigned to C Co., which recorded the assignment on the town land records. After C Co. had commenced this action, it assigned the tax liens to A Co., which was substituted as the plaintiff. The assignment to A Co. was not recorded on the town land records. K thereafter moved to dismiss the action for lack of subject matter jurisdiction on the ground that A Co. lacked standing to foreclose the property because the assignment of the tax liens to it was not recorded. The trial court denied K's motion to dismiss, concluding that A Co.'s failure to record the assignment did not deprive it of standing. Thereafter, the trial court rendered a judgment of foreclosure by sale, from which K appealed to this court. *Held* that the trial court properly denied K's motion to dismiss, as that court correctly determined that A Co. had standing to pursue the foreclosure action; contrary to K's claim, A Co.'s failure to record the assignment of the tax liens on the town land records did not deprive it of standing, as the more specific statute (§ 12-195h) and rule of practice (§ 10-70) governing the assignment and foreclosure of tax liens, which do not require recordation to confer standing, take precedence over the more general land transfer statute (§ 47-10), which does require it, and, furthermore, a tax lien, similar to a mechanic's lien, is more analogous to a transfer of debt than to a transfer of title and, as such, is not considered a conveyance under § 47-10.

Argued November 18, 2019—officially released March 3, 2020

*Procedural History*

Action to foreclose municipal tax liens on certain real property owned by the named defendant, and for other relief, brought to the Superior Court in the judicial district of Danbury, where the defendant Capitol One Bank (USA), N.A., et al. were defaulted for failure to appear; thereafter, ATCF REO Holdings, LLC, was substituted as the plaintiff; subsequently, the court, *Mintz, J.*, denied the named defendant's motion to dismiss and rendered a judgment of foreclose by sale, from which the named defendant appealed to this court. *Affirmed.*

*Matthew J. Kwong*, self-represented, the appellant (named defendant).

*David L. Gussak*, for the appellee (substitute plaintiff).

*Opinion*

PELLEGRINO, J. The self-represented defendant, Matthew J. Kwong,[1] appeals from the trial court's judgment of foreclosure by sale of his property located at 9 Bradley Lane in the village of Sandy Hook in Newtown (property). He claims that the court erred in denying his motion to dismiss for lack of subject matter jurisdiction on the ground that the substituted plaintiff, ATCF REO Holdings, LLC (ATCF),[2] lacked standing to foreclose the property because the assignment of certain municipal tax liens to ATCF was not recorded on the Newtown land records. Accordingly, the principal issue in this appeal is whether the assignment of a municipal tax lien is required to be recorded on the land records in order for the assignee to have standing to foreclose the property, which is an issue of first impression for this court. For the following reasons, we conclude that such recording is not required and affirm the judgment of the trial court.

The following undisputed facts are relevant to our disposition of this appeal. From 2009 to 2014, the defendant failed to pay municipal taxes to the town of Newtown (town). As a result, the town imposed tax liens on the defendant's property and recorded them on the town's land records. The town then assigned the tax liens to American Tax Funding, LLC, and recorded the assignment on the land records. The tax liens were then assigned to Cheswold (TL), LLC, BMO Harris Bank, N.A. (Cheswold), which recorded the assignment.

On April 6, 2015, Cheswold commenced this foreclosure action. On May 8, 2015, Cheswold filed a motion for default against the defendant for his failure to appear, which the court granted. At that point, the defendant had not yet filed an appearance in the case. Cheswold subsequently filed a motion for a judgment of strict foreclosure. The trial court rendered a judgment of foreclosure by sale and set a sale date. The defendant filed an appearance on August 24, 2015, and, thereafter, filed a motion to open and vacate the judgment, which the trial court granted.

While the case was pending, Cheswold assigned the tax liens to ATCF. The assignment was not recorded on the town land records. Cheswold then filed a motion to substitute ATCF as a party plaintiff in this case. The trial court granted the motion and substituted ATCF as the party plaintiff. Thereafter, ATCF filed a motion for default as to the defendant for failure to plead, which the trial court denied.

Following the denial of the motion for default, ATCF filed a motion for a judgment of strict foreclosure. At the April 26, 2018 hearing on the foreclosure motion, the defendant, by oral motion, sought to dismiss the action for lack of standing because ATCF failed to record the assignment of the tax liens. The trial court,

*Mintz, J.*, faced with a question of subject matter jurisdiction, suspended the hearing and gave both parties an opportunity to file briefs on the issue of whether the assignment of the tax liens to ATCF must be recorded on the town land records in order for the substituted plaintiff to have standing to foreclose the liens, as argued by the defendant. In response, the parties stipulated that if the motion to dismiss was denied, then the action would be disposed of by a foreclosure by sale in accordance with the findings that the parties had agreed on.[3] On September 14, 2018, the trial court denied the defendant's motion to dismiss, finding that there was no requirement that the assignment be recorded on the town land records. Consequently, the court rendered a judgment of foreclosure by sale and set a sale date of March 9, 2019. This appeal followed.

On appeal, the defendant claims that the trial court improperly found that ATCF had standing to pursue the foreclosure action because the assignment of the tax liens on the defendant's property had not been recorded on the town land records.

We begin by setting forth the well established standard of review. "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. . . . Our review of this question of law is plenary." (Citations omitted; internal quotation marks omitted.) *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 318, 71 A.3d 492 (2013). "In ruling [on] whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . If . . . the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." (Citation omitted; internal quotation marks omitted.) *Burton* v. *Dominion Nuclear Connecticut, Inc.*, 300 Conn. 542, 550, 23 A.3d 1176 (2011).

This is a case of first impression. The sole issue before this court is whether the trial court erred in denying the defendant's motion to dismiss for ATCF's alleged lack of standing. The defendant maintains that ATCF lacks standing to foreclose the property because the assignment of the tax liens was not recorded. The defendant contends that General Statutes § 47-10,[4] the land transfer recordation statute, requires that all "conveyances" be recorded in order to be effective and that tax liens are "conveyances" for the purposes of that statute. ATCF disagrees, arguing that Practice Book

§ 10-70, which governs the foreclosures of municipal tax liens, and General Statutes § 12-195h, detailing the rights and obligations of assignees of municipal tax liens, are the "prevailing and controlling authority, neither of which impose the requirement that an assignment of the tax lien must be recorded in order to maintain a foreclosure action of the lien."

In its memorandum of decision, the trial court cited this court's decision in *Astoria Federal Mortgage Corp.* v. *Genesis Ltd. Partnership*, 167 Conn. App. 183, 143 A.3d 1121 (2016), which addressed a similar issue in the context of a mechanic's lien. In that case, the defendant appealed, claiming that the trial court improperly concluded that the defendant lacked standing to foreclose a mechanic's lien, which was otherwise validly assigned, because the assignment of the lien was not recorded. Id., 185. This court reversed the judgment concluding that the trial court incorrectly had applied the recordation requirements of § 47-10. Id., 202. This court, applying principles of statutory interpretation, determined that the more specific statutes governing mechanic's liens, which did not require recordation, should apply over more general statutes governing transfers of title, which required recordation, namely, § 47-10.[5] Id., 199.

The court in *Astoria Federal Mortgage Corp.* further determined that the assignment of a mechanic's lien was more akin to a transfer of debt than to a transfer of title. Id., 201. It relied on General Statutes § 49-33 (i), which provides that "[a]ny mechanic's lien may be foreclosed in the same manner as a mortgage." See *Astoria Federal Mortgage Corp.* v. *Genesis Ltd. Partnership*, supra, 167 Conn. App. 200. This court explained that mortgage foreclosures are governed by General Statutes § 49-17, which provides that "a valid assignee of a mortgage note has standing to foreclose irrespective of whether that assignee records the assignment prior to instituting the action." Id., 202. In addition, this court concluded that "the failure of an assignee of a mechanic's lien to record an otherwise valid assignment of the lien does not deprive the assignee of the lien of standing to commence a foreclosure action." Id., 204.

Relying on *Astoria Federal Mortgage Corp.*, the trial court in the present case determined that ATCF did not lack standing to foreclose for failure to record the assignment of the municipal tax liens. The trial court stated that the specific procedures governing the foreclosure of tax liens, found in General Statutes § 12-195h[6] and Practice Book § 10-70,[7] do not contain any requirement that the assignment of a tax lien be recorded in order for the owner of the lien to have standing to foreclose. Further, the trial court concluded that the assignment of a tax lien, similar to that of a mechanic's lien, is more closely akin to the assignment

of a mortgage rather than a conveyance of title and that, as such, the failure to record the assignment is not fatal to standing.

On the basis of our review, we agree with the trial court's analysis and conclusion that the assignee's failure to record the assignment of a tax lien does not deprive it of standing to bring a foreclosure action. As in *Astoria Federal Mortgage Corp.*, we conclude that the more specific statutes governing tax liens, which do not require recordation, should take precedence over the more general land transfer statutes, which do require it. Here, § 12-195h and Practice Book § 10-70 control both the assignment and foreclosure of municipal tax liens. They do not require that the assignment of liens be recorded to confer standing. Further, we agree with the trial court that a tax lien, similar to a mechanic's lien, is more analogous to a transfer of debt than to a transfer of title and, as such, is not considered a "conveyance" under § 47-10. Therefore, we conclude that the trial court properly denied the defendant's motion to dismiss and rendered judgment of foreclosure by sale in accordance with the findings as stipulated by the parties.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.

[1] Capitol One Bank (USA), N.A., and Portfolio Recovery Associates, LLC, were named as defendants in this case as subsequent encumbrancers in interest. Neither of these defendants is a party to this appeal. We therefore refer in this opinion to Kwong as the defendant.

[2] The original plaintiff in this case, Cheswold (TL), LLC, BMO Harris Bank, N.A., filed a motion to substitute ATCF as the party plaintiff, which was granted by the trial court.

[3] The trial court rendered the judgment of foreclosure by sale with the following agreed on findings: "Debt: $61,264.03 as of [September 13, 2018]"; "Attorney's Fees: $5850"; "Total: $67,114.03"; "Appraisal Fee: $700"; "Title Search Fee: $225"; "Fair Market Value: $160,000"; "Land: $75,000"; and "Improvements: $85,000."

[4] General Statutes § 47-10 (a) provides: "No conveyance shall be effectual to hold any land against any other person but the grantor and his heirs, unless recorded on the records of the town in which the land lies. When a conveyance is executed by a power of attorney, the power of attorney shall be recorded with the deed, unless it has already been recorded in the records of the town in which the land lies and reference to the power of attorney is made in the deed."

[5] This court explained: "In conducting this inquiry, we are guided by the statutory interpretation principle that specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling. . . . The provisions of one statute which specifically focus on a particular problem will always, in the absence of express contrary legislative intent, be held to prevail over provisions of a different statute more general in its coverage." (Internal quotation marks omitted.) *Astoria Federal Mortgage Corp.* v. *Genesis Ltd. Partnership*, supra, 167 Conn. App. 199.

[6] General Statutes § 12-195h provides in relevant part: "Any municipality . . . may assign . . . any and all liens filed by the tax collector . . . . [and] the assignee or assignees of such liens shall have and possess the same powers and rights at law or in equity as such municipality . . . would have had if the lien had not been assigned with regard to the precedence and priority of such lien, the accrual of interest and the fees and expenses of collection and of preparing and recording the assignment. The assignee shall have the same rights to enforce such liens as any private party holding

a lien on real property including, but not limited to, foreclosure and a suit on the debt. . . ."

[7] Practice Book § 10-70 (a) provides in relevant part: "In any action to foreclose a municipal tax or assessment lien the plaintiff need only allege and prove: (1) the ownership of the liened premises on the date when the same went into the tax list, or when said assessment was made; (2) that thereafter a tax in the amount specified in the list, or such assessment in the amount made, was duly and properly assessed upon the property and became due and payable . . . (4) that no part of the same has been paid; and (5) other encumbrances as required by the preceding section."

————————————————————